UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M Company,

        Plaintiff,

v.                                                  Civil No. 08-827 (JNE/SER)
                                                 ORDER

Darlet-Marchante-Technologie SA,

        Defendant.

      3M Company brought this action against Darlet-Marchante-Technologie SA (DMT) for breach of contract and breach of warranty. DMT appeared, moved to dismiss, answered, and participated in some discovery. In early 2010, DMT's counsel withdrew. A few months later, 3M moved for default judgment. The Court denied 3M's motion without prejudice because 3M had not given DMT the notice required by Rule 55(b)(2) of the Federal Rules of Civil Procedure. 3M now seeks to dismiss this action "without prejudice and without costs."

      Rule 41 of the Federal Rules of Civil Procedure provides in relevant part: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). A district court has discretion to grant a voluntary dismissal:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

3M asserts that nothing about DMT's status has changed since the Court denied 3M's motion for a default judgment in September 2010. 3M explains that DMT has not communicated with 3M and has not retained new counsel since the withdrawal of DMT's original counsel in January 2010; that 3M "has no current information on any representatives of [DMT] who could be found anywhere in the United States"; and that 3M believes that service by mail to a French address pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure would not be effective because "France has long been a signatory to the Hague Convention Treaty."[1] 3M also represents that DMT "has gone into proceedings in France that are the equivalent of bankruptcy in the United States" and that 3M is uncertain whether DMT "even survives as an entity under French law." Under these circumstances, the Court grants 3M's request for a voluntary dismissal without prejudice.

In granting a voluntary dismissal without prejudice, a district court may require the plaintiff to pay the defendant's costs and reasonable attorney fees if the case is brought again. *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). Under the facts and circumstances of this case, the Court declines to condition the dismissal on 3M's payment of DMT's costs and reasonable attorney fees if 3M brings this action again.

---

[1] The Court expresses no opinion as to whether service by mail of a motion for default judgment by 3M on DMT at DMT's last known address in France would satisfy Rule 55(b)(2)'s notice requirement. *Cf. Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173-74 (8th Cir. 1989) (holding that "sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention"; noting that courts have interpreted article 10(a) of the Hague Convention as "provid[ing] a method for sending subsequent documents after service of process has been obtained by means of the central authority").

3

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. 3M's Request for Voluntary Dismissal by Order [Docket No. 85] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 24, 2011

                                                                   s/  Joan N. Ericksen
                                                                   JOAN N. ERICKSEN
                                                                   United States District Judge